```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
TABERNA CAPITAL MANAGEMENT, LLC,         :

           Plaintiff,                    :
                                         :
        -v-                              :        08 Civ. 1817 (JSR)
                                         :
SIDNEY B. DUNMORE, MICHAEL A. KANE,      :        ORDER
and DHI DEVELOPMENT f/k/a DUNMORE        :
HOMES, LLC,                              :
                                         :
           Defendants.                   :
---------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-23-10

JED S. RAKOFF, U.S.D.J.

By Memorandum Order dated September 1, 2009, the Court set forth the reasons for its grant, by Order dated June 23, 2009, of summary judgment to individual defendants Sidney B. Dunmore and Michael A. Kane as to all causes of action against them. By motion filed September 29, 2009, defendant Dunmore moved for attorney's fees and costs.[1] For the reasons stated below, the Court denies that motion.

Defendant first contends that he is entitled to an award of attorney's fees and costs under the Junior Subordinated Indenture ("Indenture") pursuant to which the unsecured note owned by plaintiff

---

[1] Defendant also filed concurrently a Request to Tax Costs pursuant to Local Rule 54.1. Local Rule 54.1 permits a party to file with the Clerk a request to tax costs within thirty days after the entry of final judgment or final disposition on appeal. However, because there has been no final judgment entered and because any such timely request must be filed with the Clerk, defendant's request is not properly before this Court.

was issued. The Indenture's Section 5.14 is entitled "Undertaking for Costs" and provides:

> All parties to this Indenture agree . . . that any court may in its discretion require, in any suit for the enforcement of any right or remedy under this Indenture . . . the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, and that such court may in its discretion assess reasonable costs, including reasonable attorneys' fees and expenses, against any party litigant in such suit, having due regard to the merits and good faith of the claims or defenses made by such party litigant . . . .

Indenture § 5.14 at 36, ECF No. 105-2. As the Court recognized in the September 1 Memorandum Order, however, "Dunmore himself was not a party to the Indenture," Mem. Order at 2, ECF No. 100. Dunmore nonetheless contends that he may be awarded fees and costs pursuant to the Indenture because such an award would be "against any party litigant," i.e., the plaintiff. Defendant argues that since plaintiff "sought to hold Dunmore subject to the provisions of the Indenture," including the attorney's fees provision, "Dunmore seeks to impose those same obligations upon Taberna." Def. Mem. at 3-4.

The Court concludes, however, that defendant attempts to stretch the language of Section 5.14 too far. In order for defendant to claim any benefit from Section 5.14, the Court must accept that the Indenture is reasonably interpreted to cover (1) litigants who are not parties to the Indenture and (2) claims that are not for enforcement of the Indenture. Although the corporate defendant is undoubtably a party litigant and the claim against it for breach of

2

the Indenture would be subject to Section 5.14, neither is true in the case of Dunmore, and the claims raised against him by plaintiff -- for tortious interference, fraudulent conveyance, unjust enrichment, breach of fiduciary duty, and "alter ego" liability -- were wholly non-contractual.

Independently, moreover, Dunmore himself does not attempt to argue that Section 5.14 *mandates* an award of attorney's fees and costs; and the Court concludes that there is no good reason for doing so in this case. Therefore, even assuming *arguendo* that defendant's strained interpretation of Section 5.14 is correct, the Court, in its discretion, declines to impose such an award.

In the alternative, defendant requests that the Court award attorney's fees and costs pursuant to the Court's "inherent authority . . . to [sanction if] the plaintiff acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Dattner v. Conagra Foods, Inc., 458 F.3d 98, 104 (2d Cir. 2006) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). Defendant contends that his success on summary judgment indicates that this litigation was "baseless" and therefore plaintiff "should not pay the price of its reckless litigation maneuvers." Def. Mem. at 10, ECF No. 103. Defendant points to no specific evidence of bad faith or other misconduct beyond plaintiff's maintaining of this action through its defeat on summary judgment. However, plaintiff's failure to survive summary judgment falls far short of establishing the sort

3

of egregious behavior required for the Court to exercise its inherent power to sanction, and the Court declines to do so.

Accordingly, the Court denies defendant's motion in its entirety. Because defendant's motion is denied, the Court does not reach the parties' arguments as to the reasonableness of the requested fees and costs. The Clerk of the Court is directed to close document number 102 on the docket of this case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 20, 2010